* ROBERT & T. L. KNIGHT v. E. B. HOUGHTALLING<br>and others.

*Reference—Account—Interest.*

The proper method of stating the account in this case is to credit
the contract price of the land with the value of all deductions
allowed by the court—the difference being the true amount of the
indebtedness; and then to compute the interest thereon subject
to subsequent credits from payments or otherwise.

CIVIL ACTION tried at Fall Term, 1880, of GRANVILLE
Superior Court, before *Eure, J.*

---

* Mr. Justice MERRIMON having been of counsel did not sit on the
of this case.

This was an action to foreclose a mortgage. The facts are fully reported in same case 85 N. C., 17. An account was ordered to be taken by this court, and the case was heard upon exceptions to the commissioner's report.

*Mr. M. V. Lanier*, for plaintiffs.
*Messrs. T. B. Venable, T. C. Fuller* and *E. C. Smith*, for defendants.

SMITH, C. J. Upon the hearing of this cause at October term, 1881, reported in 85 N. C., 17, it was declared that the defendants were "entitled to be allowed every such sum as was reasonably expended by them in procuring the possession of the land and purchasing the crops of every kind agreed to be sold to them, also for the deficiency in the number of acres in the tract at the average price per acre, supposing it to have been sold as containing 750 acres."

To ascertain the amount of these allowances with interest, and the residue due after their deduction from the money contracted to be paid, a reference was ordered, pursuant to which the commissioner proceeded to take evidence, which, with a statement of the account, was reported at the last term, in which a balance of $2,185.78 is found due the plaintiffs on January 1st, 1884.

The commissioner however at the instance of defendants' counsel prepared and submitted another account, not differing in the items, but in mode of statement and computation of interest, in which the balance ascertained to be due at the same date is reduced to $1,785.94.

Two exceptions are filed by the defendants to the report:

1. To the principle upon which the account reported is made in the adjustment of the claims which enter into it, it being insisted that the proper method is pursued in the statement of the second account, which the commissioner himself seems to approve, while he felt constrained to make

the former by the construction he puts upon the ruling in the opinion ; and

2. To the allowance of $205, the estimated cost of harvesting the wheat in diminution of its value when harvested, for which the defendants have credit.

I. We concur in the views of the defendants' counsel, as presented in the argument in support of the first exception, that the amount contracted to be paid should at once be reduced by the aggregate allowances for the corn and oats and deficiency in the land, as well as by the cash payment of $2000, inasmuch as all these reductions are in origin co-incident with the indebtedness incurred in the purchase, the residue being the charge to begin with in the computation of interest. The commissioner intimates his approval of this method of stating the account, but considers himself constrained to report the other upon his construction of the ruling upon which the reference was ordered. He then proceeds from this starting point to compute the interest accrued to the time of the next credit, and from the aggregate amount deducts the credit and makes a new interest-bearing residue, and in like manner as to the other subsequent credits, adopting the mode of computation used in cases of partial payments, made upon notes and endorsed thereon.

As the exception does not reach this method of calculation, but on the contrary assumes its correctness, we forbear to express an opinion, as the result of computing interest on the credits would be more favorable to the defendants and they do not demand it.

In our opinion the second account does not vary more than the first from the requirements of the reference, nor does either substantially depart from the directions, which merely allow interest, when in the statement of the account it becomes necessary to do so, as well upon the counter claims as the original. We therefore sustain the exception

and adopt the second account as showing the true amount due.

II. The second exception must be overruled, for inasmuch as the defendants were entitled only to the wheat standing in the field, its true value in this condition is properly ascertained by finding the market price after harvesting, and deducting therefrom a reasonable charge for the expense of gathering and preparing for market.

It is immaterial whether this labor could have been furnished by the defendants, and if so, its value has been saved to them. It would be unjust to the plaintiffs to allow the full value of wheat ready for sale in the grain, when the defendants could only secure it in this form by an equivalent expenditure of labor which they have saved by the labor of others. This exception is wholly untenable.

The second report must be adopted and judgment may be entered for the sum therein found to be due with interest from January 1st, 1884, and costs, inclusive of the sum of $.. ......... allowed the commissioner for his services under the reference.

Second account confirmed.